**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| AMY REEDER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:20-cv-04162-DCN-TER |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| KILOLO KIJAKAZI, Acting | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Magistrate Judge Thomas E. Rogers, III's report and recommendation ("R&R"), ECF No. 18, that the court affirm the Commissioner of Social Security's ("Commissioner") decision denying claimant Amy Reeder's ("Reeder") application for disability insurance benefits ("DIB") and social security insurance ("SSI") under the Social Security Act (the "Act"). For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I. BACKGROUND

### A. Procedural History

Reeder filed an application for DIB and SSI on November 6, 2018, alleging inability to work since April 17, 2016, later amended to March 28, 2017. The Social Security Administration (the "Agency") denied Reeder's application both initially and upon reconsideration. Reeder requested a hearing before an administrative law judge ("ALJ"), and ALJ James Martin presided over a hearing held on December 18, 2019, at

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kijakazi is automatically substituted for Andrew Saul, former Commissioner, as the defendant in this lawsuit.

1

which Reeder and a vocational expert ("VE"), Carroll H. Crawford, testified. In a decision issued on January 15, 2020, the ALJ determined that Reeder was not disabled within the meaning of the Act. Reeder requested review of the ALJ's decision by the Appeals Council, and on October 5, 2020, the Appeals Council denied Reeder's request, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.

On December 1, 2020, Reeder filed this action seeking review of the ALJ's decision. ECF No. 1, Compl. Pursuant to 28 U.S.C. § 636 and Local Civ. Rule 73.02(B)(2)(a) (D.S.C.), the action was referred to Magistrate Judge Rogers. On April 26, 2022, Magistrate Judge Rogers issued the R&R, recommending that the court affirm the ALJ's decision. ECF No. 18. Reeder filed objections to the R&R on May 10, 2022, ECF No. 19, and the Commissioner responded to the objections on May 24, 2022, ECF No. 21. As such, the matter has been fully briefed and is ripe for the court's review.

### B. Medical History

The parties are familiar with Reeder's medical history, the facts of which are ably recited by the R&R. Therefore, the court dispenses with a lengthy recitation thereof and instead briefly recounts those facts material to its review of Reeder's objections to the R&R. Reeder alleges a disability onset date of March 28, 2017, when she was fifty years old. Her date of last insured is December 31, 2022. Reeder initial alleged a disability due to high blood pressure and congestive heart failure. Reeder previously worked as a certified nursing assistant, houseparent, and warehouse worker. She began work at Southern Home Care Services after the alleged onset date but claims that the work did not rise to the level of substantial gainful activity. ECF No. 13, Tr. 228.

### C. The ALJ's Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). "If an applicant's claim fails at any step of the [sequential evaluation] process, the ALJ need not advance to the subsequent steps." Id. (citing Hunter, 993 F.2d at 35).

To determine whether Reeder was disabled from her alleged onset date of March 28, 2017, until December 31, 2022, her date of last insured, the ALJ employed the statutorily required five-step evaluation process. At the first step, the ALJ found that Reeder has not engaged in substantial gainful activity since her alleged onset date. Tr. 34. At the second step, the ALJ found that Reeder has the following severe impairments: obesity, cardiomyopathy, hypertension, and congestive heart failure. Tr. 35. At the third step, the ALJ found that Reeder does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in the Agency's Listing of Impairments, 20 CFR § 404.1520(d), et seq. Tr. 35. Before reaching the fourth step, the ALJ determined that Reeder retained the residual functional capacity ("RFC") to

> lift, carry, push, and pull up to 20 pounds occasionally and 10 pounds frequently and sit 6 hours, stand 6 hours, and walk 6 hours each in 8 hour workday with usual breaks, but needs the ability to change position at least once an hour without leaving her workstation or losing production. The claimant can occasionally climb ladders and steps and can frequently balance, stoop, crouch, kneel, and crawl. The claimant should avoid concentrated exposure to heat, cold, humidity, and hazards.

Tr. 35. Based on the RFC, at the fourth step, the ALJ found that Reeder could perform past relevant work as a dialysis technician. Tr. 39. As such, the ALJ concluded that Reeder was not disabled under the meaning of the Social Security Act during the period at issue.

## II. STANDARD

This court is charged with conducting a de novo review of any portion of the Magistrate Judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of

the Magistrate Judge.  See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).  The recommendation of the Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270–71 (1976).   However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings.  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a specific objection, the court reviews the R&R only for clear error.  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Id.  (internal citations omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence."  Id.  Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court.  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted). Although the district court's role is limited, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted review contemplates more than an uncritical rubber stamping of the administrative action."

Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). Further, although the court will not reweigh the evidence considered, the Commissioner's findings of fact are not binding where they are based on an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 519 (4th Cir. 1987).

### III.  DISCUSSION

Reeder objects to the R&R in two respects. First, Reeder argues that the Magistrate Judge erred in finding that the ALJ properly analyzed the opinion of Dr. Yoganand Hiremath ("Dr. Hiremath"). Second, Reeder argues that the Magistrate Judge erred in finding that the ALJ properly considered Reeder's fatigue and need to elevate her legs in formulating the RFC. The court discusses each objection in turn, ultimately overruling each objection.

**A.  Dr. Hiremath's Opinion**

Reeder's first objection concerns the ALJ's findings related to the opinion of Dr. Hiremath. On December 4, 2019, Dr. Hiremath completed a form opining on Reeder's impairments and concluding that Reeder could work no hours per day. Tr. 413. The ALJ found Dr. Hiremath's opinions unpersuasive, explaining that the opinions overstated Reeder's symptoms when compared to the findings in Dr. Hiremath's treatment notes and Reeder's course of treatment. In the R&R, the Magistrate Judge concluded that the ALJ properly discounted Dr. Hiremath's opinions, explaining that "[b]efore finding this opinion unpersuasive, the ALJ had reviewed Dr. Hiremath's treatment notes and Plaintiff's other records." R&R at 9 (citing Tr. 36–38). The Magistrate Judge undertook an extensive review and discussion of the treatment notes and explained that:

> The notes reflect what the ALJ purported them to note. The ALJ supported
> his finding of unpersuasive by reviewing the consistency and supportability

6

>factors . . . citing to Plaintiff's symptoms and findings in treatment notes. Plaintiff always had a normal gait and mental status. The ALJ noted Plaintiff was never diagnosed with sleep apnea and never received the sleep study that she was often given a referral. The ALJ appropriately noted Plaintiff was seen routinely—every three months and then twice a year—and not on an acute basis. The ALJ appropriately considered that Plaintiff's diagnos[es] were noted as stable and controlled with medication.

R&R at 11 (citing Tr. 38–39) (cleaned up). The Magistrate Judge further noted that the ALJ "performed the analysis under the applicable regulatory scheme and considered the factors most important to determining the persuasiveness of Dr. Hiremath's opinions." R&R at 11. Specifically, that scheme provides that the ALJ has discretion to give less weight to the opinion of a treating physician when there is "persuasive contrary evidence." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). The Magistrate Judge concluded that the ALJ's determination as to the reduced weight afforded to Dr. Hiremath's opinion was supported by persuasive contrary evidence.

Reeder concedes that the Magistrate Judge applied the proper regulatory framework regarding the evaluation of a treating physician's opinion. However, Reeder objects to the Magistrate Judge's conclusion, arguing that the ALJ did not "provid[e] a logical and accurate bridge from the record evidence to the ALJ's rejection of Dr. Hiremath's opinions." ECF No. 19 at 3. In doing so, Reeder argues that both the ALJ and the Magistrate Judge ignored evidence that reinforced Dr. Hiremath's opinions. Reeder's argument is uncompelling as it is outside the province of the court to reweigh the evidence considered by the ALJ or substitute its judgment for his or hers. As previously noted, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks and

citation omitted); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).  Here, the ALJ observed that Dr. Hiremath's opinion was inconsistent with his treatment notes and Reeder's course of treatment.  Reeder argues that those same records showed Reeder suffered from pitting edema, complaints of easy fatigue, and the need for medication for her chronic cardiac condition.  However, the fact that the record may have contained evidence that could lead to a different conclusion does not undermine the ALJ's decision, as the ALJ is "not required to mention each specific piece of evidence contained in the record."  Young v. Berryhill, 2017 WL 6352756, at *6 (N.D. W. Va. Dec. 13, 2017).  Moreover, while an ALJ is certainly required to consider all the evidence in the record when making a disability determination, see 20 C.F.R. § 404.1520(a)(3), as the Magistrate Judge explained, the ALJ clearly reviewed and considered the evidence of Reeder's claimed conditions.  See Tr. 37 (pitting edema in left leg), 36 ("severe fatigue"), 38 (cardiac conditions).

      Notably, the case that Reeder cites to support her objection, Collins v. Saul, 2020 WL 5757694 (D.S.C. Sept. 28, 2020), is factually distinguishable.  In Collins, the court determined that the ALJ's decision was not supported by substantial evidence because the ALJ did not address a physician's opinion that the claimant would require a sedentary job.  Id. at *18.  Moreover, the court found that the ALJ failed to explain how she reconciled the contrary evidence before reaching her conclusion.  Id. at *18–19.  Here, in contrast, the ALJ specifically acknowledged and addressed in detail the various limitations proposed by Dr. Hiremath.  The ALJ reviewed and explained how those limitations conflicted with Dr. Hiremath's treatment notes and Reeder's other records before finding his opinion unpersuasive.  As the Magistrate Judge observed, the ALJ

8

further reconciled the differing evidence by noting that Reeder "was seen by general practitioners other than specialist Hiremath and they generally noted 'controlled' and/or 'good control' of hypertension and congestive heart failure." R&R at 11. Thus, in contrast to Collins, the ALJ here properly analyzed and reconciled the evidence related to Dr. Hiremath's opinions. In sum, Reeder has failed to meet her burden of showing a reasonable possibility that the ALJ would have reached a contrary decision on the question of disability had he given Dr. Hiremath's statement greater weight or consideration. See Tanner v. Comm'r of Soc. Sec., 602 F. App'x 95, 101 (4th Cir. 2015) (noting that reversing the ALJ's decision solely because he failed to assign weight to a doctor's opinion would be futile since it would be "highly unlikely, given the medical evidence of the record, that a remand to the agency would change the [ALJ's] finding of non-disability"); Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe the remand might lead to a different result."). Therefore, the court overrules the objection.

### B. Reeder's RFC

Reeder next objection relates to the ALJ's determination regarding Reeder's RFC. The ALJ determined that Reeder retained the RFC to perform a range of light work that allowed for position changes and postural and environmental restrictions. Reeder argues, as she did before, that the ALJ improperly failed to consider her fatigue and need to elevate her legs in determining Reeder's RFC. The Magistrate Judge previously found that "[t]he ALJ supported the functional limitations found in the ALJ's RFC determination with discussion and citation to substantial evidence in the record." R&R at

9

13 (citing Tr. 35–39). Specifically, "[t]he ALJ considered Plaintiff's complaints regarding fatigue and leg swelling" but determined that "further limitations were not supported by the record." Id. at 12–13 (citing Tr. 36–37). Based on the record evidence discussed by the ALJ in support of his RFC finding, the Magistrate Judge concluded that "[t]he court cannot say that a reasonable mind would not reach this RFC in view of the totality of the evidence." Id. at 14.

Reeder objects to the Magistrate Judge's recommendation on the grounds that "there remains no obvious, logical and accurate bridge from those findings to the RFC to perform light exertional level work on a sustained basis." ECF No. 19 at 4. Although Reeder argues otherwise, the court finds that this objection amounts to mere disagreement with the ALJ's weighing of the evidence. As the Magistrate Judge explained, when determining Reeder's RFC, the ALJ relied on Reeder's favorable response to treatment, the routine and conservative nature of her treatment, her unremarkable physical examination findings, her failure to pursue a sleep study, her statements to her medical providers, the prior administrative medical findings stating that she could perform a range of light work, and her daily activities, which included living alone, driving, performing household chores, and walking for exercise. R&R at 12–13; see also Tr. 35–39. The court finds that the ALJ relied on substantial evidence in determining Reeder's RFC, and the court's limited inquiry ends there. See Hays, 907 F.2d at 1456. As such, the court overrules the objections and affirms the ALJ's determination on Reeder's RFC.

## IV.   CONCLUSION

For the foregoing reasons the court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED.**

                                              **DAVID C. NORTON**
                                              **UNITED STATES DISTRICT JUDGE**

**September 21, 2022**
**Charleston, South Carolina**

11